## VOGEL et al.

### v.

## OHIO DEPARTMENT OF INDUSTRIAL RELATIONS.

Court of Claims of Ohio.

No. 93–09011.

Decided Aug. 9, 1995.

*Richard B. Hauser,* for plaintiffs.

*Betty D. Montgomery,* Attorney General, and *John F. Myers,* Assistant Attorney General, for defendant.

DEAN STRAUSBAUGH, Judge.

On July 15, 1993, plaintiffs Charles Vogel et al. filed their complaint against defendant Ohio Department of Industrial Relations. On August 16, 1993, plaintiffs filed an amended complaint. On July 21, 1994, the court set the matter for trial on January 9, 1995. On December 22, 1994, the parties agreed to allow the court to conduct a trial on the briefs with stipulated facts. Having received all the briefs and pleadings, the court finds the following:

Plaintiffs were employees of Huron County at the time their cause of action arose. R.C. 4115.03 through 4115.16 required Huron County to pay plaintiffs the statutory prevailing wage. Huron County, however, failed to pay plaintiffs the prevailing wage. As a result, plaintiffs filed prevailing wage claims with the Ohio Department of Industrial Relations ("ODIR"). ODIR investigated plaintiffs' claims and notified the Huron County Commissioners that plaintiffs had been paid less than the prevailing wage.

In a letter dated January 17, 1992, ODIR notified plaintiffs of both the result of its investigation and their rights pursuant to R.C. 4115.10. The letter also informed plaintiffs of their options either to file a private lawsuit or to assign their claim to defendant. The letter stated that "[u]pon receipt of the completed form [assigning all rights to defendant] the [defendant] will take legal action to collect your claim and, if [defendant] is successful, will turn the money over to you." Additionally, the letter advised plaintiffs to consult with an attorney if they had any questions.

Plaintiffs elected to assign their rights to defendant. The assignment stated, in part, that each plaintiff "hereby assign[s] to the Department of Industrial Relations all *right, title,* and *interest* to [his] claim against the Huron County Commissioners." (Emphasis added.)

Upon receipt of plaintiffs' assignment forms, defendant entered into settlement negotiations with the Huron County Commissioners. As a result, defendant and Huron County settled plaintiffs' claims. However, the agreement specified that plaintiffs were to receive less money than defendant found plaintiffs were owed. Plaintiffs claim that defendant illegally reduced the amount of money owed to plaintiffs. Thus, the issue before the court is whether defendant violated a fiduciary duty to plaintiffs by settling plaintiffs' claims without their express consent.

R.C. 4115.10 defines the rights of an employee paid less than the prevailing wage. R.C. 4115.10(A) reads in pertinent part as follows:

" * * * Any employee upon any public improvement * * * who is paid less than the fixed rate of wages applicable thereto *may* recover from such * * *

public authority * * * the difference ·between the fixed rate of wages and the amount paid to him and in addition thereto a sum equal to twenty-five percent of that difference * * *." (Emphasis added.)

Thus, plaintiffs were entitled to recover up to one hundred twenty-five percent of the difference between the prevailing wage and the wage they were paid.

R.C. 4115.10(B) defines defendant's role when a party assigns his/her claim to defendant: " * * * The director [of ODIR] shall take an assignment of a claim *in trust* for the assigning employee and bring any legal action necessary to collect the claim * * *." (Emphasis added.)

An assignment of rights normally gives the assignee legal and equitable title to those rights. Additionally, the assignor ordinarily no longer has any interest in a claim he has assigned. 6 Ohio Jurisprudence 3d (1978), Assignments, Section 23. Thus, the defendant had the complete rights to plaintiffs' claims and could settle the prevailing wage claims in any appropriate manner.

Further, the Third District Court of Appeals has determined that the state is the real party in interest in prevailing wage claims. *Harris v. J.A. Schultz & Son, Inc.* (Mar. 30, 1989), Defiance App. No. 4-87-4, unreported, 1989 WL 29860. Defendant therefore acted within the scope of its statutory duty. As a real party in interest, defendant does not have any type of attorney-client relationship with plaintiffs. Therefore, defendant did not abuse any fiduciary duty between plaintiffs and defendant.

Therefore, the court renders judgment in favor of defendant. The court notes, however, that this finding is based upon the statute at issue—R.C. 4115.10. The statute is clear that defendant retains all right to plaintiffs' assignment. Plaintiffs are correct in their assertion that if they had hired a private attorney to handle their dispute against Huron County, the attorney could not have settled their claims without plaintiffs' express consent. The legislature, however, decided that the Director of ODIR would handle claims in a manner different from that of a private attorney. This court does not have discretion to legislate, but must follow the law and the clear wording of R.C. 4115.10(B). The court finds for defendant.

*Judgment for defendant.*